**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2751-24

KENNETH BROWN,

     Plaintiff-Appellant,

v.

FINANCE OF AMERICA
REVERSE, LLC,

     Defendant-Respondent.

_____

        Submitted January 27, 2026 – Decided February 6, 2026

        Before Judges Firko and Vinci.

        On appeal from the Superior Court of New Jersey, Essex County, Docket No. L-0009-25.

        Kenneth Brown, self-represented appellant.

        Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (John D. Krohn, on the brief).

PER CURIAM

Plaintiff Kenneth Brown, self-represented, appeals from an April 23, 2025 order granting defendant Finance of America Reverse, LLC's motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e), and dismissing his complaint with prejudice. We affirm.

Naomi Brown, as borrower, entered into a Home Equity Conversion Mortgage (HECM) with defendant secured by property she owned in Newark. After the borrower defaulted on her obligations under the HECM, defendant instituted a foreclosure action in the Chancery Division, Essex County, captioned Fin. of Am. Reverse, LLC v. Brown, No. F-000866-15.

During the pendency of the foreclosure action, Naomi Brown died, and plaintiff substituted into the case as administrator of the Estate of Naomi Brown (Estate). On September 4, 2024, we affirmed the Chancery Division's May 12, 2023 order denying the Estate's motion to vacate the final judgment of foreclosure entered on November 14, 2022. Fin. of Am. Reverse, LLC v. Brown, No. A-2974-22 (App. Div. Sept. 4, 2024).

On September 26, 2024, plaintiff wrote to defendant on behalf of the "Estate . . . , [b]orrower/[d]efendant" that "the named [b]orrower Estate of Naomi Brown . . . demands to be allowed to exercise his rights to a loan modification . . . for 'loss mitigation' options or a [t]rial [p]eriod [p]lan." On

November 1, 2024, plaintiff wrote to defendant on behalf of the "Estate . . . , [b]orrower/[d]efendant" that defendant "ha[d] not allowed the Estate . . . a loan modification/forbearance and/or sent the Estate . . . a borrower assistance application to be considered for loss mitigation."

On November 4, 2024, defendant acknowledged plaintiff's "request to be reviewed for a forbearance plan, a loan modification, or a repayment plan." Defendant advised plaintiff "a [HECM] is not assumable" and "[a]s a result, [defendant was] unable to offer [him] a forbearance plan." Defendant also advised plaintiff "loan modifications are not allowed for HECM[]s" and "upon the passing of the borrower, [defendant was] unable to accept partial payments."

On December 7, 2024, plaintiff wrote to defendant that "[he was] the Estate . . . c/o Kenneth Brown" and "[i]n accordance with all the applicable portions of [the Real Estate Settlement Procedures Act, 12 C.F.R §§ 1024.30 to -1024.41] . . . [defendant] should and has a duty to engage in loss mitigation, which [plaintiff] believe[d] as a cooperative borrower, [he was] qualified to engage in . . . to prevent the subject foreclosure."

On December 30, 2024, plaintiff filed his complaint in this action. He alleged defendant "fail[ed] to engage in [l]oss [m]itigation, against the [p]laintiff's home . . . resulting [in] damages for loss of sleep, loss of appetite,

3

increased blood pressure, nausea, and anxiety caused by [d]efendant['s] conduct/actions that violates [S]tate law." "Plaintiff should also be entitled to relief, by [d]efendant['s] failure to comply with [12 C.F.R. §] 1024.38(b)(1)(vi)[,] the Mortgage Servicing Rules and 12 C.F.R. [§] 1024.41(g)." He alleged defendant "engaged in . . . unlawful acts and practices . . . by not properly reviewing or allowing [plaintiff] as a borrower to submit a loss mitigation assistance application to prevent foreclosure under a loss mitigation program plan, in accordance with [f]ederal law."

On February 11, 2025, defendant filed its motion to dismiss. On February 19, plaintiff opposed the motion. He argued his complaint "allege[d] fact with supporting documents that show [d]efendant's actions against [him] fail[ed] to comply with the provision[s] of [12 C.F.R. §] 1024.38(b)(1)(vi)[,] the Mortgage Servicing Rules and 12 C.F.R. [§] 1024.41(g)" and he was "entitled to discovery." Plaintiff "waive[d] oral argument and consent[ed] to disposition on the papers pursuant to R[ule] 1:7-4."

On April 23, 2025, the court entered an order granting defendant's motion and dismissing plaintiff's complaint with prejudice, supported by a brief written statement of reasons. The court stated:

> Plaintiff waived oral argument on this motion. Plaintiff argues that defendant[] failed to comply with [12

4

C.F.R. §] 1024.41(g). [Plaintiff] was not the original borrower. Naomi Brown was the original borrower[,] and the loan is not assumable.

This appeal followed. On appeal, plaintiff contends the court "failed to provide adequate findings of fact and conclusion[s] of law supporting its decision pursuant to [Rule] 1:7-4, and . . . [Rule] 4:6-2(e)." We are unconvinced.

In deciding a motion to dismiss for failure to state a claim, the court must carefully examine the allegations of the complaint "to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). The court must give the non-moving party every reasonable inference in evaluating whether to dismiss a complaint. See NCP Litig. Tr. v. KPMG LLP, 187 N.J. 353, 365 (2006). However, if the complaint states no basis for relief, and discovery would not provide such basis, dismissal is appropriate. See Camden Cnty. Energy Recovery v. Dep't. of Env't Prot., 320 N.J. Super. 59, 64 (App. Div. 1999).

Rule 1:7-4 provides "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of

5

right."  In accordance with the Rule, a "trial [court] is required to 'state clearly its factual findings and correlate them with the relevant legal conclusions.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).

As the court properly determined, plaintiff's claims fail as a matter of law because he was not the borrower on the HECM.  12 C.F.R. § 1024.41(a) expressly provides "[a] borrower may enforce the provisions of this section," and 12 C.F.R. § 1024.41(g) sets forth certain "[p]rohibition[s] on foreclosure sale . . . [i]f a borrower submits a complete loss mitigation application."[1]  Even if these provisions created an obligation to offer loss mitigation options to the borrower, plaintiff was not the borrower.

To be sure, the court's statement of reasons supporting the April 23, 2025 order is brief.  Based on our careful examination of the allegations of plaintiff's complaint and review of his supporting legal arguments, we are nevertheless

---

[1]  12 C.F.R § 1024.38(b)(1)(vi), which plaintiff also cited in his complaint, provides, "[u]pon receiving notice of the death of a borrower," a loan servicer must "promptly facilitate communication with any potential or confirmed successors in interest regarding the property."  This section does not relate to plaintiff's loss mitigation claims.

A-2751-24

convinced the court's statement of reasons is sufficient to satisfy <u>Rule</u> 1:7-4(a) in this case.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Hasley*

Clerk of the Appellate Division

A-2751-24